1  Michael Martin Zurek
   BK #: 25 98 420
   IN PRO PER
2  James A. Musick Facility
   13502 James Musick Road
3  Irvine, CA 92618

                                    **Cause No.:**

4

5

6          UNITED STATES DISTRICT COURT
        DISTRICT OF CENTRAL CALIFORNIA
                WESTERN DIVISION

8

9  IN THE MATTER OF:              ) **DETAINED**
                                  )
10 Michael Martin Zurek,          )
                                  ) Cause No.:  SACV **11-~1367**  UA
                                  )
11              Plaintiff,        ) DHS File No.: A 200-975-250
                                  )
12          v.                    )
                                  )
13 Barack OBAMA, President of the United )
                                  )         **Petition for Writ of**
14          States,               )              **Mandamus**
                                  )
15 Eric H. HOLDER, Attorney General of )   **Petition to Order the**
                                  )   **Adjudication of Entitlement**
16          the United States,    )    **for the Establishment of a**
                                  )              **Law Clinic**
17 Troy LUND, Los Angeles Field Office )
                                  )
18 Director, Immigration and Customs )
                                  )
19          Enforcement,          )
                                  )
20 Janet NAPOLITANO, Secretary of )
                                  )
21          Homeland Security,    )
                                  )
22 Sandra HUTCHENS, Sheriff and Coroner )
                                  )
23 of Orange County.              )
                                  )
24          Defendants,)          )
                                  )
25

# INTRODUCTION

1. Plaintiff, Mr. Michael Martin Zurek, in PRO SE, hereby files this Petition of *"Writ of Mandamus"*. Mr. Michael Martin Zurek is seeking relief from this honorable Court by an order mandating that Defendants declare that a group of PRO BONO immigration attorneys have the right to enter the James A. Musick Facility (13502 James A. Musick Road, Irvine, CA 92618) (hereinafter, James A. Musick Facility), on a regular, reoccurring basis (at least once a week), for a reasonable amount of time, in order to establish a *"Law Clinic"* for the purpose of providing Plaintiff and other detainees with uncensored/unmonitored legal counsel for his/their removal proceedings to which he/they are entitled to by the Constitution of the United States.

2. The refusal of the Defendants to accept and adjudicate Plaintiff's request that a group of PRO BONO immigration attorneys visits the James A. Musick Facility in order to establish a PRO BONO *"Law Clinic"* is a violation of the Immigration and Nationality Act (INA) and the Congressional intent in enacting the INA; a violation of the Administrative Procedures Act (APA); and a violation of his due process rights and his right to counsel of the Plaintiff Michael Martin Zurek.

3. Out of the fact that Defendants denied PRO BONO immigration attorneys to establish a *"Law Clinic"* at the James A. Musick Facility is arising the serious constitutional problem that, Plaintiff's right to counsel and his Fifth Amendment right for due-process is violated, which causes an indefinite, perhaps permanent, deprivation of human liberty without any

- 2

1  [procedural] protection. This renders Plaintiff's removal proceedings

2  fundamentally and constitutionally unfair.

3        This injury caused by the Defendants is redressable by an order to

4  compel the Defendants to adjudicate and approve Plaintiff's application to

5  grant a group of PRO BONO immigration attorneys entry/access into the James

6  A. Musick Facility, on a regular, reoccurring basis (at least once a week),

7  for a reasonable amount of time, in order to establish a *"Law Clinic"* for the

8  purpose of providing Plaintiff and other detainees with

9  uncensored/unmonitored legal counsel for his/their removal proceedings to

10  which he/they are entitled to by the Constitution of the United States.

11

12  4.Plaintiff must establish that he has standing to bring this lawsuit. See

13  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L.

14  Ed. 2d 351 (1992). Constitutional standing is satisfied if a Plaintiff

15  demonstrates *"the now-familiar elements of injury in fact, causation, and*

16  *redressability."* Lance v. Coffman, 549 U.S. 437, 439, 127 S. Ct. 1194, 167 L.

17  Ed. 2d 29 (2007) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-

18  61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). Plaintiff easily satisfies

19  these requirements. Plaintiff is presenting himself PRO SE. Plaintiff does

20  not have counsel. Plaintiff is not a legal professional. Plaintiff has a

21  right to counsel, to research and write appeals and motions, thus to follow

22  up all avenues of relief the law makes available to him. Plaintiff requires

23  legal counsel to follow up all avenues of relief. In order to counsel the

24  Plaintiff and other detainees in their removal proceedings, a group of PRO

25  BONO immigration attorneys came on August 12, 2011, to the James A. Musick

1   Facility. These PRO BONO attorneys offered, on a volunteering base, to

2   establish a *"Law Clinic"* to give legal counsel to the Plaintiff and other

3   detainees in regards to his/their removal proceedings. The Defendants denied

4   these PRO BONO immigration attorneys entry to the James A. Musick Facility.

5   There is a Law Library at the James A. Musick Facility. But without any legal

6   training the Law Library in this Facility is of no use for Plaintiff and

7   other detainees. Plaintiff and most detainees have no legal training. Against

8   the Plaintiff and the other detainees are working the well educated legal

9   professionals of the ICE/DHS Chief Counsels office. These legal professionals

10  have unlimited resources at their disposal. Out of this situation is arising

11  the serious constitutional problem that, Plaintiff's right to effective

12  counsel and his Fifth Amendment right for due-process is violated in these

13  circumstances, which causes an <u>indefinite</u>, perhaps <u>permanent</u>, <u>deprivation of</u>

14  <u>human liberty</u> without any [procedural] protection. This renders Plaintiff's

15  removal proceedings fundamentally and constitutionally unfair and is in

16  violation of federal law for all the foregoing reasons. Only when a *"Law*

17  *Clinic"*, consisting out of PRO BONO immigration attorneys who are

18  volunteering for this *"Law Clinic"*, is established Plaintiff and the other

19  detainees have a reasonable chance to succeed in his/their removal

20  proceedings. This is an injury which is sufficiently concrete and

21  particularized to satisfy the standard in <u>Lujan</u>. See id. Plaintiff's injury,

22  that he was denied counsel from PRO BONO immigration attorneys who were

23  coming to the James A. Musick Facility, is due to the fact that the

24  Defendants denied these PRO BONO immigration attorneys entry to the James A.

25  Musick Facility, which is "fairly . . . trace[able]" to Defendants' conduct,

satisfying the standard for causation. To deny a group of PRO BONO

immigration attorneys entry into the James A. Musick Facility in order to

establish on a volunteering basis a *"Law Clinic"* is deficient and frivolous

in constitutional terms. Plaintiff is entitled to counsel because it relates

back to his right of pursuing further appeals and petitions in his removal

proceedings and to proof his eligibility to receive LPR status under the

Immigration and Nationality Act and follow up all avenues of relief the law

makes available to him, with this honorable Court and other courts and

authorities which may have more jurisdiction than this one to conduct such a

review. Plaintiff's injury must be redressed by an order to compel the

Defendants to adjudicate and approve Plaintiff's application to grant a group

of PRO BONO immigration attorneys entry/access into the James A. Musick

Facility (13502 James A. Musick Road, Irvine, CA 92618), on a regular,

reoccurring basis (at least once a week), for a reasonable amount of time, in

order to establish a *"Law Clinic"* for the purpose of providing Plaintiff and

other detainees with uncensored/unmonitored legal counsel for his/their

removal proceedings to which he/they are entitled to by the Constitution of

the United States. This injury caused by the Defendants is redressable by a

favorable decision of this honorable Court. Lujan v. Defenders of Wildlife,

504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Plaintiff

therefore has standing to pursue his claim.


5. In the alternative another effective redress is that this honorable court

can afford to the Plaintiff, is to compel the Defendant to adjudicate and

approve the immediate release of the Plaintiff on his Own Recognizance or

1  with bond that is reasonable and proportional to Plaintiffs means and cost of

2  living.

3

4  **JURISDICTION**

5  6. This court has jurisdiction over this lawsuit pursuant to 28 U.S.C. 2201

6  (jurisdiction to render declaratory judgments); 28 U.S.C. 1361 (mandamus

7  jurisdiction. Pursuant to 28 U.S.C. § 1361, "The district courts shall have

8  original jurisdiction of any action in the nature of mandamus to compel an

9  officer or employee of the United States or any agency thereof to perform a

10  duty owed to the Plaintiff."); and 28 U.S.C. 1331 (jurisdiction of civil

11  actions arising under the Constitution and laws of the United States).

12

13  **VENUE**

14  7. Venue lies in the DISTRICT OF CENTRAL CALIFORNIA because the Plaintiff

15  resided in this district and because the cause of action arises in this

16  district.

17

18  **PARTIES**

19  8. Mr. Michael Martin Zurek is a native and citizen of Germany. He entered

20  the United States on March 1994 as a non-immigrant visitor for pleasure and

21  has lived in the United States ever since. Plaintiff overstayed his visa. He

22  is being held in detention at the Department of Homeland Security detention

23  facility James A. Musick in Irvine, California.

24

25

9. Defendant Barack Obama, President of the United States of America, is sued in his official capacity as the President of the United States. He is the executive officer who has been given authority to manage and control all branches of the United States Government and as such he is ultimately responsible for the actions of the Department of Homeland Security. He is the executive officer who has been given the responsibility to adjudicate and approve the statutes presented to him by the governmental branches of the United States and he has been given the responsibility to verify the constitutionality of the statutes presented to him for approval. As such, he is responsible for the violation of Plaintiff's constitutional rights by ICE and DHS. Thus, he is ultimately responsible for the denial of Plaintiff's constitutional rights, described in this *"Writ of Mandamus"*.

10. Defendant Troy Lund, Los Angeles Field Office Director, is sued in his official capacity as the Field Office Director within the State of California for the Immigration and Customs Enforcement, an office of the Department of Homeland Security. Defendant Troy Lund is charged by law with the implementation and enforcement of the immigration laws.

11. Defendant Eric Holder, Attorney General, is sued in his official capacity as the Attorney General of the United States.

12. Defendant Janet Napolitano, DHS Secretary, is sued in her official capacity as the Secretary of the Department of Homeland Security. She is the

1  executive officer who has been given authority to manage and control the

2  Immigration and Customs Enforcement.

3

4  13. Defendant Sandra Hutchens, Sheriff and Coroner of Orange County, is sued

5  in her official capacity as the Sheriff of Orange County. She is the

6  executive officer who has been given authority to manage and control the

7  Orange County Sheriff's Department and thus the James A. Musick Jail in

8  Irvine California, East-Delta barracks in which Plaintiff is incarcerated,

9  thus she is ultimately responsible for the grossly constitutional deficient

10 decision to deny Plaintiff and other detainees PRO BONO counsel. She is also

11 the ultimate physical custodian of the Plaintiff.

12

13 **STATEMENT OF FACTS**

14 14. Mr. Michael Martin Zurek is a native and citizen of Germany. He entered

15 the United States on March 1994 as a non-immigrant visitor for pleasure and

16 has lived in the United States ever since. Plaintiff overstayed his visa. He

17 is being held in detention at the Department of Homeland Security detention

18 facility James A. Musick in Irvine, California. Plaintiff applied for relief

19 from removal to Germany in the form of asylum, withholding of deportation,

20 and CAT. At the conclusion of the merits hearing on March 3, 2011, the

21 Immigration Judge denied the application for asylum because of the 1 year

22 bar, but granted *"Withholding of Removal"* from Germany. The Government

23 attorney timely filed his Notice of Appeal on March 3, 2011, the same day of

24 the trial. Despite the fact that Plaintiff won his case six (6) months ago,

25 the Plaintiff is currently detained. He is detained since eleven (11) months.

15. Mr. Michael Martin Zurek has a criminal record. He has been convicted of one misdemeanor in the last ten (10) years. He has never been involved in any drug related or violent crimes.

16. Plaintiff has exhausted all administrative remedies that are available to him.

**CAUSE OF ACTION**

17. Plaintiff a right to counsel in his removal proceedings, to pursue further appeals and petitions in his removal proceedings and follow up all avenues of relief the law makes available to him, with this honorable Court and other courts and authorities which may have more jurisdiction than this one to conduct such a review.

18. Plaintiff, in PRO SE, is detained since eleven (11) months by ICE/DHS. Plaintiff, who is unable to obtain counsel due to the fact that he has no money to pay for counsel. During the time of his incarceration Plaintiff was not able to work and thus did not earn any money. Therefore Plaintiff relies for the purposes of pursuing further appeals of his removal proceedings and to proof his eligibility to receive LPR status under the Immigration and Nationality Act, on PRO BONO counsel.

19. On August 12, 2011, a group of PRO BONO immigration attorneys came to the James A. Musick Facility, in Irvine California. These PRO BONO immigration

1    attorneys intended to volunteer for the establishment of a *"Law Clinic"* at

2    this location. Within the framework of such a *"Law Clinic"* these PRO BONO

3    immigration attorneys planned to offer free legal counsel for the Plaintiff

4    and other detainees in their removal proceedings. Notwithstanding the fact

5    that the Plaintiff and the other detainees have a right to counsel, this

6    group of PRO BONO immigration attorneys was denied entry to this location by

7    the Defendants. By doing so, the Defendants violated Plaintiff's and other

8    detainees right to counsel and his/their Fifth Amendment right for due-

9    process. These volunteers who came to help the Plaintiff and other detainees

10   were turned around and banned from the James A. Musick Facility indefinitely.

11   This denial of PRO BONO counsel for the Plaintiff and other detainees is

12   grossly defective in constitutional terms and thus is unreasonable *("The*

13   *entire process, not merely the original removal hearing, is subject to the*

14   *constitutional requirement of reasonability.")* (quoted in Oyedeji, 332 F.

15   Supp.2d at 754). This renders Plaintiff's removal proceedings fundamentally

16   and constitutionally unfair and is in violation of federal law for all the

17   foregoing reasons.

18

19   20. That there is, as of right now, no *"Law Clinic"* available gives rise to a

20   phenomena which the Plaintiff would like to call the *"Hangman Syndrome"*. It

21   means that within the population of the detainees certain individuals take on

22   the air of an immigration attorney, pretend to be educated in the field of

23   Immigration Law. They come from the same primitive social backward

24   backgrounds as their clients, have absolutely no legal education, usually

25   have no education at all, have self taught themselves some basic computer

1    skills which enables them to use a word processor like "Microsoft Word",

2    usually speak only rudimentarily English and charge their *"clients"*

3    commissary items for their *"help"*. In essence these *"Hangmen"* do not know

4    what they are doing in a legal sense, they make up motions, petitions and

5    appeals as they go. They produce non-sense *"Declarations"* and *"Statements"*.

6    These are narcissistic personalities who like to see themselves in the role

7    of a savior, somebody who helps his fellow inmates and earns commissary items

8    while they are doing it. Their *"clients"* would be by far better of if none of

9    these *"Hangmen"* would help them. Whatever they do has no positive legal

10   impact on their *"clients"* case. They file the wrong motions and petitions in

11   a wrong format, in very bad English to the wrong courts. They do not observe

12   filing deadlines and thus file too late or not all when they are writing to

13   the wrong court. Plaintiff calls this the *"Hangman Syndrome"*, because

14   whomever these *"Hangmen"* *"help"*, the cases of these detainees are doomed and

15   thus they are removed/deported from the United States for the above reasons,

16   for the faulty work the *"Hangman"* delivers. As of the writing of this

17   petition there is working one Hangman in East-Delta barracks and one Hangman

18   in East-Echo barracks with the knowledge of ICE/DHS and the guards of the

19   James A. Musick Facility. This renders the detainees removal proceedings

20   fundamentally unfair and amounts to a violation of their right to effective

21   counsel and their Fifth Amendment right for due-process. Only in a *"Law*

22   *Clinic"* framework, such disgraces, morally and constitutionally, like the

23   *"Hangman Syndrome"* will not develop. It is imperative that this *"Hangman*

24   *Syndrome"* is not allowed to go on any longer. It is not acceptable under ANY

25   circumstances, that in a society, like in the United States, where knowledge

1  and reason rule, that there are working with the knowledge of ICE/DHS and the

2  Orange County Sheriffs Department at the James A. Musick Facility *"Hangmen"*,

3  *"Magicians"* and *"Witchdoctors"* in a position of legal authority. That there

4  are people who impress with their superstition, make believe and magic on

5  their *"clients"* that what they are doing is the right thing for the detainees

6  cases. But in effect these Witchdoctors and Hangmen support ICE/DHS in their

7  determination to remove/deport as many detainees as possible. Only with an

8  uncensored and unmonitored PRO BONO *"Law Clinic"* are the detainees able to

9  follow up all avenues of relief the law makes available to them, with this

10 honorable Court and other courts and authorities which may have more

11 jurisdiction than this one to conduct such reviews.

12

13 21. The James A. Musick Facility, East-Delta and East-Echo barracks, has a

14 Law Library. This Law Library is predominantly used by ICE/DHS and the Orange

15 County Sheriffs Department as a *"show piece"* during tours by members of the

16 ACLU, various consulates and other immigration rights advocate groups to show

17 *"how good the detainees are treated"*. At least once a month representatives

18 of the Orange County Sheriffs Department and ICE/DHS show this non working

19 example of a Law Library off to *"tour groups"* from the outside. In the

20 speeches held during these tours by the representatives of the Orange County

21 Sheriffs Department and ICE/DHS it is always pointed out that a lot of money

22 and effort is spend to facilitate this Law Library which consists only out of

23 six (6) terminals.

24      It is never mentioned in these speeches that more than 250 detainees

25 are waiting to use these six (6) computer terminals and what kind of

1   functionality and benefits this Law Library is to provide to the 250

2   detainees. While listening to these speeches it is easy to see that the

3   representatives of ICE/DHS and the Orange County Sheriffs Department

4   themselves have no idea, knowledge or plan what these six (6) terminals are

5   supposed to do for the 250 detainees. It seems that just the physical

6   presence of something what resembles a computer, working or not, is

7   considered a good thing by ICE/DHS and the Orange County Sheriffs Department;

8   it is something that will benefit all the 250 detainees somehow. It is

9   erroneous to believe that the mere presence of six (6) computer terminals

10  with a word processor, some immigration forms and an immigration database

11  will benefit a population of more than 250 detainees, to which they have

12  access only for two (2) hours or less every day, if one of the 250 detainees

13  is lucky enough to secure a spot at one of the six (6) terminals.

14      It is never mentioned in these speeches by the Orange County Sheriffs

15  Department and ICE/DHS that there are no instructions given whatsoever in how

16  to use the Law Library. It is never mentioned in these speeches that most

17  detainees are barred from using this Law Library because there are only six

18  (6) computer terminals for more than 250 detainees and because of their poor

19  or no-existent education and language barrier. In these speeches it will be

20  never mentioned that a group of PRO BONO immigration attorneys came on August

21  12, 2011 to the James A. Musick Facility to counsel the Plaintiff and other

22  detainees with their removal proceedings in order to give Plaintiff and the

23  other detainees a chance in succeeding in their cases. In these speeches it

24  will be never mentioned that upon their arrival at the James A. Musick

25  Facility these PRO BONO immigration attorneys were prohibited to enter the

1  facility and thus were not allowed to give to the Plaintiff and other

2  detainees legal counsel for their removal proceedings. In these speeches it

3  will be never mentioned that within the framework of a "*Law Clinic*" these PRO

4  BONO immigration attorneys would have offered free legal advise for the

5  Plaintiff's and other detainees removal proceedings. In these speeches it

6  will be never mentioned that the Orange County Sheriffs Department and

7  ICE/DHS has only two goals:

8

9      a) To deny the Plaintiff and other detainees of his/their right to

10         counsel and his/their Fifth Amendment right for due-process and

11     b) to remove/deport the Plaintiff and as many detainees as possible,

12        regardless of their constitutional rights.

13

14     This shows that <u>frivolousness</u> and <u>unreasonableness</u> permeates every

15  aspect of ICE/DHS's position towards Plaintiff's right to counsel and his

16  Fifth Amendment right for due-process and the other detainees right to

17  counsel and their Fifth Amendment right for due-process. There is no

18  justification for ICE/DHS's position to deprive Plaintiff and other detainees

19  of counsel to advise him/them in his/their removal proceedings and it shows

20  how <u>egregiously</u> <u>wrongheaded</u> the Defendants and particularly ICE/DHS behaves

21  in this matter.

22

23  22. In sum, Plaintiff brings this Complaint for mandamus, declaratory and

24  injunctive relief to compel the Defendants to adjudicate and approve

25  Plaintiff's application to grant a group of PRO BONO immigration attorneys

1  entry/access into the James A. Musick Facility, on a regular, reoccurring

2  basis (at least once a week), for a reasonable amount of time, in order to

3  establish a *"Law Clinic"* for the purpose of providing Plaintiff and other

4  detainees with uncensored/unmonitored legal counsel for his/their removal

5  proceedings to which he/they are entitled to by the Constitution of the

6  United States. Defendants must be NOT allowed to refuse these PRO BONO

7  attorneys access to the Plaintiff and the detainees at the James A. Musick

8  Facility. A charitable immigration support organization, and there are many,

9  should provide, free, PRO BONO, legal counsel for the Plaintiff's and other

10  detainees immigration cases.

11

12  23. The Plaintiff complained verbally and in writing about this situation.

13  Plaintiff filed on July 28, 2011 with this honorable Court a "Writ of

14  Mandamus", a *"Petition to Order the Adjudication of Entitlement for*

15  *Reasonable use of the Law Library"*. The Defendants never responded, which is

16  not justified to any degree that could satisfy a reasonable person.

17       In the alternative another effective redress is that this honorable

18  court can afford to the Plaintiff, is to compel the Defendant to adjudicate

19  and approve the immediate release of the Plaintiff on his <u>Own Recognizance</u> or

20  with bond that is reasonable and proportional to Plaintiff's means and cost

21  of living. Not allowing Plaintiff and other detainees to have access to PRO

22  BONO counsel in the framework of a *"Law Clinic"* or immediate release of the

23  Plaintiff is <u>arbitrary</u> and <u>capricious</u>, based on an <u>erroneous</u> interpretation

24  of the law, and constitutes abuse of discretion. Defendant has acted in

25  violation of the Plaintiff's Fifth Amendment right for Due Process and Sixth

1    Amendment right for effective counsel and Fourteenth Amendment right of the

2    United States Constitution.

3

4    24. For all of the foregoing reasons the Plaintiff is faced with

5    <u>frivolousness</u> and <u>unreasonableness</u> which permeates every aspect of the

6    decision not to allow PRO BONO immigration attorneys entry to the James A.

7    Musick Facility by the <u>egregiously</u> <u>wrongheaded</u> Defendants. Plaintiff is

8    confronted with a denial of his constitutional right of counsel and multiple

9    violations of his Fifth Amendment right to due process and Sixth Amendment

10    right to counsel that renders Plaintiff's removal proceedings fundamentally

11    unfair. Out of this situation is arising the serious constitutional problem

12    that, Plaintiff's right to counsel and his Fifth Amendment right for due-

13    process is violated in these circumstances, which causes an <u>indefinite</u>,

14    perhaps <u>permanent</u>, <u>deprivation of human liberty</u> without any [procedural]

15    protection. This renders Plaintiff's removal proceedings fundamentally and

16    constitutionally unfair and is in violation of federal law for all the

17    foregoing reasons.

18

19    25. In the Plaintiff's humble opinion it should be considered if all these

20    violations of his constitutional rights not also apply to every ICE/DHS

21    detainees at the James A. Musick Facility since the beginning when ICE/DHS

22    started to house ICE/DHS detainees at the James A. Musick Facility. Every

23    ICE/DHS detainee, who was detained in this facility at any time, has his

24    constitutional rights violated by the Defendants unwillingness to allow PRO

25    BONO immigration attorneys access to the James A. Musick Facility in order to

1   establish a *Law Clinic* for the purpose of providing Plaintiff and other

2   detainees with the uncensored/unmonitored legal counsel to which he/they are

3   entitled to by the Constitution of the United States.

4        All their cases, past and present, should be reviewed by this honorable

5   Court and reopened to assure all these detainees had the benefit of the full

6   protection of the Constitution of the United States.

7

8   26. Denying the Plaintiff PRO BONO legal counsel means de facto *razing* the

9   system of constitutional protections for the Plaintiff and thus it does not

10  satisfy the Due Process Clause and is therefore *structurally not sound* in

11  constitutional terms. These constitutional protections are one of the most

12  precious possessions our nation has. It is the foundation of freedom. Yours,

13  your honor, the Defendants and the Plaintiff's. If the Defendants are allowed

14  to strip Plaintiff of his fifth and fourteenth amendment rights, if the

15  Defendants are allowed to deny Plaintiff his right to counsel and to his

16  liberty, then the United States would cease to exist as a free nation.

17

18  **REQUEST FOR RELIEF**

19  27. Plaintiff Mr. Michael Martin Zurek requests the following relief:

20

21       a) Plaintiff is seeking relief from this honorable Court by an order

22          mandating that Defendants declare the denial to grant a group of PRO

23          BONO immigration attorneys entry to the James A. Musick Facility in

24          order to establish a *Law Clinic* for the purpose of providing

25          Plaintiff with the uncensored/unmonitored legal counsel to which he is

1    entitled to by the Constitution of the United States <u>Erroneous</u> and

2    <u>Deficient</u> in order to establish redressability;

3    b) the effective redress that this honorable Court can afford the

4    Plaintiff is to compel the Defendant to adjudicate and approve that a

5    group of PRO BONO immigration attorneys has the right to enter the

6    James A. Musick Facility on a regular, reoccurring basis (at least once

7    a week), for a reasonable amount of time, in order to establish a *Law*

8    *Clinic*" for the purpose of providing Plaintiff and other detainees with

9    uncensored/unmonitored legal counsel for his/their removal proceedings

10    to which he/they are entitled to by the Constitution of the United

11    States;

12    c) that this honorable Court issues a "<u>Restraining Order</u>" against the

13    Defendants to prevent that Defendants do not grant PRO BONO immigration

14    attorneys access to the James A. Musick Facility and deny the

15    establishment of a *"Law Clinic"*;

16    d) that this honorable Court issues a "<u>Restraining Order</u>" against the

17    Defendants to prevent that the Defendants censor and control the

18    program, services offered and the scope of the legal advise offered

19    within the framework of a *"Law Clinic"*;

20    e) in the alternative that this honorable Court orders the Government to

21    release Plaintiff immediately on his <u>Own Recognizance</u> to pursue avenues

22    of relief to which he is entitled by law independently of PRO BONO

23    legal advise within the scope of a *"Law Clinic"* on the "outside";

24    f) in the alternative that this honorable Court orders the Government to

25    release Plaintiff immediately from ICE/DHS custody either without bond

1    or with bond that is reasonable and proportional to Plaintiff's means

2    and cost of living to pursue avenues of relief to which he is entitled

3    by law independently of PRO BONO legal advise within the scope of a

4    *"Law Clinic"* on the "outside";

5    g) in the alternative, to provide Plaintiff with an immigration attorney,

6    a *"public defender"*, for his immigration case paid in full by the

7    Defendants, ICE/DHS, to pursue avenues of relief to which he is

8    entitled by law, independently of PRO BONO legal counsel within the

9    scope of a *"Law Clinic"*; and

10   h) such other relief as is just and reasonable.

11

12

I affirm, under penalty of perjury, that the foregoing is true and correct.

13

14

15   _Zerde_

     08-19-2011

16   ~~(sign your name)~~
     Plaintiff                                    (todays date)
     Michael Martin Zerde

17   (print your name)
     A 200 475 250

18   (your alien number)
     13502 Ocaside Road
     (use these two lines to write your mailing address)
     Irvine, CA   92618

19

20

21

22

23

24

25

# CERTIFICATE OF SERVICE

Michael Martin Zurek

A 200-975-250

THE UNDERSIGNED DECLARES:

On August 19, 2011 I served a copy of

**Petition to Order the Adjudication of Entitlement for the Establishment of a**

**Law Clinic**

Michael Martin Zurek v. Barack Obama et al.

by depositing it as 1st class mail in the detention facilities mail box

at James A. Musick Facility, Delta-Barracks, in Irvine California, in an

envelope bearing the requisite postage, addressed as follows:


Barack OBAMA

President of the United States of America

1600 Pennsylvania Ave. NW

Washington, DC 20230


Eric HOLDER

Attorney General of the United States

950 Pennsylvania Ave. NW

Washington, DC 20530-0001

1    Field Office Director Troy Lund

2    Immigration and Customs Enforcement

3    Department of Homeland Security

4    300 N. Los Angeles Street

5    Los Angeles, CA 90012

6

7    Secretary of Homeland Security Janet Napolitano

8    Dep. Of Homeland Security

9    245 Murray Drive, SE. Bld. 410

10   Washington, DC 20538

11

12   Office of Chief Counsel

13   Immigration and Customs Enforcement

14   606 South Olive Street, 8th Floor

15   Los Angeles, CA 90014

16

17   Office of Immigration Litigation

18   P O BOX 848

19   Washington, DC 20044

20

21   Sandra HUTCHENS

22   Sheriff and Coroner of Orange County

23   550 Flower Street

24   Santa Ana, CA 92703

25

1        I declare under penalty of perjury that the foregoing is true and

2   correct. Executed at Irvine, California on August 19, 2011.

3

4

5

6                                          Michael Martin Zurek
                                           BK #: 25 98 420
7                                          IN PRO PER
                                           James A. Musick Facility
8                                          13502 James Musick Road
                                           Irvine, CA 92618
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

